```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
JOHN T. NEISWORTH
                                *

     Plaintiff                  *
v.                              *     CIVIL NO.: WDQ-06-303

PAUL McLAUGHLIN                 *
and
JOY McLAUGHLIN
                                *
     Defendants.
                                *

*    *    *    *    *    *    *

PAUL McLAUGHLIN
and
JOY McLAUGHLIN

     Counter-Plaintiffs
v.
JOHN T. NEISWORTH
     Counter-Defendant
*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

On December 7, 2005, John T. Neisworth sued Paul and Joy McLaughlin in the Circuit Court for Cecil County, Maryland for breach of contract and express warranty, unjust enrichment and various other torts. *See* Civ. No. C-05-095. The case was removed to this Court. *See* 2/3/06 Order. The McLaughlins, acting *pro se*, have countersued alleging abuse of process, breach of contract, and various other torts.

Pending are the McLaughlins' motion to stay the proceedings and Neisworth's motion to strike. For the following

1

reasons, the McLaughlins' motion to stay will be granted and Neisworth's motion to strike will be denied.

BACKGROUND

On July 27, 2001, Paul McLaughlin sued Neisworth for damages relating to an alleged incident of childhood sexual abuse. *See* Complaint at ¶6. In 2002, Mr. McLaughlin and Neisworth settled the lawsuit by entering into a Confidential Settlement Agreement and Release. *See id.* at ¶7. Pursuant to the agreement, McLaughlin agreed not to disclose any information--absent a court order or subpoena--relating to these sexual abuse allegations. *See id.* at ¶12. However, on September 22, 2004, the State of Maryland charged Neisworth with 25 counts of sexual offenses against Mr. McLaughlin and two other individuals. *See id.* at ¶5. In 2005, Neisworth was indicted and the trial was scheduled for April 19, 2006. *See* McLaughlin Mot. Ex. C.

Neisworth alleges that the McLaughlins violated the terms of the agreement by assisting the State's prosecution.[1] *See id*. at ¶¶13, 21, 27, 30. Although the McLaughlins deny breaching the agreement, they contend that the agreement--barring them from assisting the State--is void and unenforceable. *See* Answer at ¶¶7, 8, 10, 12, 13, 14,15. They further contend that Neisworth initiated this suit to harass and intimidate them. *See*

---

[1]As Ms. McLaughlin was not a party to the agreement, it is unclear why she is a defendant.

Counterclaim. Cts. I, II, IV.

Pending are the McLaughlins' motion to stay the proceedings and Neisworth's motion to strike. For the following reasons, the McLaughlins' motion to stay will be granted and Neisworth's motion to strike will be denied.

ANALYSIS

A.      Motion to Stay Proceedings

The McLaughlins seek a stay of this action until after the completion of the criminal trial.

The discretionary power of a district court to stay proceedings is consistent with the court's inherent power to control its docket. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). When both civil and criminal proceedings arise out of the same or related transactions, a stay of the civil action is appropriate until disposition of the criminal matter. *See LaRouche Campaign v. F.B.I.*, 106 F.R.D. 500, 501 (D. Mass. 1985). Stays are imposed to preclude parties from using the broad civil discovery rules to circumvent the more restrictive rules of criminal discovery. *See id. See also United States v. Phillips*, 580 F. Supp. 517, 519 (N.D. Ill. 1984) ("... many federal courts have stayed civil discovery in order to prevent defendants from circumventing the criminal discovery restrictions.")

In his opposition, Neisworth contends that a stay is inappropriate because the civil and criminal proceedings are

3

unrelated.  Notwithstanding this contention, Neisworth admits that he seeks discovery related to the Defendants' alleged disclosures to the State.  *See* Opp. at 3.  In the criminal trial, Neisworth could not freely depose the Defendants.  *See* Md. Rule 4-261 (b)(2006)(depositions are not discovery device, only allowed when witness unavailable to testify at trial).  Neisworth, therefore, cannot use this action to circumvent the State's procedural rules.  Accordingly, the McLaughlins' motion to stay will be granted.

B.      Motion to Strike

In both their Answer and Counterclaim, the McLaughlins repeatedly refer to Neisworth as a "pedophile".  *See* Answer at ¶¶1, 5, 6, 7,8, 13, 14, 15, 18, 21, 27, 30, 31 and in each "WHEREFORE" clause; Counterclaim at ¶¶4, 5, 7, 9, 10, 12, 14, 15, 17, 23, 25, 26, 27.  Neisworth has moved to strike these references on the grounds that they are "immaterial, impertinent and scandalous".

The court may strike from any pleading "redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Such motions are disfavored, however, and usually should be denied unless the allegations "have no possible relation to the controversy and may cause prejudice to one of the parties." *United States ex rel. Ackley v. Int'l Bus. Mach. Corp*., 110 F. Supp. 2d 395, 405-06 (D. Md. 2000).  Further, motions to strike should be denied if there is any doubt as to whether the material in question

4

raises an issue of fact or law. *Morton v. Town of Wagram*, 2001 U.S. Dist. LEXIS 20904, 2001 WL 68232, at *2 (M.D.N.C. 2001) (refusing to strike paragraph of complaint unless it had "no possible bearing" on the litigation).

The Defendants' use of the word "pedophile" does not sink to the level of "immaterial, impertinent or scandalous" matter. Whether the Plaintiff is a pedophile is relevant to the defense--prohibition of lawful communication of evidence of sexual abuse is illegal and unenforceable--and the counterclaims--abuse and malicious use of process and intentional infliction of emotional distress.  Accordingly, the Plaintiff's motion to strike will be denied.

CONCLUSION

For the reasons discussed above, the Defendants' motion to stay will be granted, and the Plaintiff's motion to strike will be denied.

<u>May 15, 2006</u>                              <u>          /s/          </u>
Date                                    William D. Quarles, Jr.
                                        United States District Judge