```
            IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                    *
JOHN T. NEISWORTH
                                    *
      Plaintiff,
                                    *
v.                                        CIVIL NO.: WDQ-06-0303
                                    *
PAUL MCLAUGHLIN, *et al.*,
                                    *
      Defendants.
                                    *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION

John T. Neisworth has sued Paul McLaughlin and his wife, Joy McLaughlin, for breach of contract and express warranty, unjust enrichment, "torts arising from breach of contract," and civil conspiracy. Compl. 6. The McLaughlins, *pro se*, have countersued for abuse of process, breach of contract, intentional and negligent infliction of emotional distress, and fraud. Pending is the McLaughlins' unopposed motion to lift the Court's stay of proceedings and to transfer venue to the District of New Jersey. For the following reasons, the motion will be granted.

I. Background

On July 27, 2001, Paul McLaughlin sued Neisworth for damages for alleged childhood sexual abuse in the Superior Court of Camden County, New Jersey. Compl. ¶ 6. In the fall of 2002, McLaughlin and Neisworth entered into a confidential settlement

1

agreement and release (the "Agreement"), and the case was dismissed. Compl. ¶ 7; Defs.' Mot. Ex. B (the Agreement) ¶ 1, 5.

On September 22, 2005, the State of Maryland charged Neisworth with 12 counts of sexual offenses against Paul McLaughlin. Compl. ¶ 5. Criminal Indictment, *Maryland v. Neisworth*, No. 07-K-05-001093 (Cir. Ct. for Cecil Cty., Md. Sept. 22, 2005).

On December 7, 2005, Neisworth, a Pennsylvania resident, filed his Complaint against the McLaughlins, residents of Arizona, in the Circuit Court for Cecil County, Maryland. Compl. ¶¶ 1, 2. Neisworth alleges, *inter alia*, that Paul McLauglin violated the Agreement by initiating the criminal proceedings against him in Maryland. *Id*. ¶ 9.

On February 3, 2006, the McLaughlins removed the case to this Court for diversity of citizenship. On March 9, 2006, they filed their Answer and Counterclaim.

On May 16, 2006, the Court granted the McLaughlins' motion to stay the case pending the adjudication of Neisworth's criminal case. Papers No. 11, 12.

II. Discussion

A. Lifting of Stay

The Court's May 15, 2006 Order stayed the proceedings in this case pending the adjudication of the Maryland criminal

proceeding.  Paper No. 12.  As the criminal case against Neisworth was dropped on December 8, 2006, this case will be reopened and the Court's stay will be lifted.  State's Motion to *Nolle Prosequi*, *Maryland v. Neisworth*, No. 07-K-05-001093 (Cir. Ct. for Cecil Cty., Md. Dec. 8, 2006).

B.  Change of Venue

1.  Standard of Review

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The purpose of § 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).  The burden is on the party moving under § 1404(a) to show that transfer to another forum is proper.  *Lynch v. Vanderhoeff Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002).

In deciding whether to grant a motion to transfer, the court should consider: "(1) the weight accorded the plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties, and (4) the interest of justice."  *Id*.  "[A] district court is required to weigh the factors involved and

3

'[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *Collins v. Straight Inc.* 748 F.2d 916, 921 (4th Cir. 1984) (*quoting Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1946).

The proposed transferee district where the action "might have been brought" must have had jurisdiction over the parties and been a proper venue for the case at the time the action was commenced.  28 U.S.C. § 1404(a); *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970) *cert. den.*, 401 U.S. 910 (1971); *White v. Diamond,* 390 F. Supp. 867, 869 (D. Md. 1974).  Ultimately, the decision whether to transfer is "a matter resting in the sound discretion of the District Judge." *Southern Ry. Co. v. Madden*, 235 F.2d 198, 201 (4th Cir. 1956), *cert. den.,* 352 U.S. 953 (1956).

2. Analysis

a. The Plaintiff's Choice of Venue

Neisworth apparently chose the Circuit Court of Cecil County, Maryland, to bring his suit because it was the forum of his criminal case, and the alleged breaches of the Agreement arose from the McLaughlins' involvement in the criminal matter.  That case has been dropped, and Neisworth has indicated no other personal connections with Maryland.  Although some deference is due to Neisworth's choice, its weight is reduced by his lack of

4

opposition to the McLaughlins' motion.

b.  The Convenience of the Witnesses and Parties

The only potential witnesses yet identified, the attorneys who signed the Agreement as counsel to Paul McLaughlin and Neisworth, allegedly continue to reside and practice law in New Jersey, so the proposed transfer would undoubtedly be more convenient for them.  As for the parties, Maryland and New Jersey are of comparable convenience, as the McLaughlins reside in Arizona, and Neisworth lives in Pennsylvania.  Overall, convenience weighs in favor of transfer.

c.  The Interest of Justice

Consideration of the interest of justice "is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties," including, *inter alia,* "the court's familiarity with applicable law." *Baylor Heating & Air Conditioning,* 702 F. Supp. 1253, 1260 (E.D. Va. 1988).

The Agreement arose from a suit litigated in New Jersey. Although the parties do not aver where the Agreement was negotiated or executed, the heading of the Agreement indicates that it was prepared by Neisworth's attorney, Thomas J. Gosse, in Haddon Heights, New Jersey, and the signatures on the Agreement

5

of Gosse and Paul McLaughlin's attorney for the New Jersey case also suggest that the Agreement was executed, at least in part, in New Jersey. The Agreement also indicates the intent of the parties to enforce the Agreement under New Jersey law:

> [T]his Settlement Agreement and General Release may be enforced by a Court Order, so that a violation by either party of any of the terms or conditions of this Agreement may subject the party to the imposition of the penalties and sanctions provided for by New Jersey law for a violation of a Court Order.

Defs.' Mot. Ex. B ¶ 12.

District courts sitting in diversity jurisdiction apply the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Both Maryland and New Jersey follow substantially similar choice-of-law rules that generally apply the law of the place of contracting for actions in contract. *NL Indus., Inc. v. Commercial Union Ins. Co.*, 65 F.3d 314, 319 (3d Cir. 1995); *Maryland Cas. Co. v. Armco, Inc.*, 643 F. Supp. 430, 431 (D. Md. 1986). Considering that the majority of the claims in this case sound in contract, that the surrounding circumstances and the Agreement itself indicate that it was negotiated and executed in New Jersey, and that the Agreement invokes New Jersey law for enforcement, the Court finds that the interest of justice is best served by adjudication in the district court most familiar with New Jersey law, the District of New Jersey.

Finding that convenience and the interest of justice,

weighed against the plaintiff's choice, favor transfer to New Jersey, the Court must determine whether the case "might have been brought" in New Jersey in the first place.

d.  Personal Jurisdiction

The District Court of New Jersey may assert personal jurisdiction over the parties to the extent permitted by the New Jersey long-arm statute, which provides for jurisdiction over nonresidents up to the limits of the Due Process Clause of the Fourteenth Amendment.  *Telcordia Tech Inc. v. Telkom SA Ltd,* 458 F.3d 172, 177 (3d Cir. 2006); *Mitrano v. Hawes*, 377 F.3d 402, 406 (4th Cir. 2004).  Pursuant to the Due Process Clause, personal jurisdiction "may be asserted over a nonresident so long as the defendant has 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *Telcordia Tech*, 458 F.3d at 177 (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Such minimum contacts must be purposefully established, and "the defendant's conduct and connection with the forum State . . . such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985) (internal quotation marks omitted).

Where, as here, a defendant has no continuous contact with the forum to warrant general jurisdiction, the court must decide

if it has specific, or transactional jurisdiction by determining whether the action is related to or arises from the defendant's contacts with the forum. *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 149 (3d Cir. 1992); *Mitrano*, 377 F.3d at 407. To decide whether asserting specific jurisdiction satisfies due process, the court considers:

> (1) the extent to which the defendant purposefully availed [him]self of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.

*Mitrano*, 377 F.3d at 407 (internal quotation marks omitted).

In determining whether specific jurisdiction is "constitutionally reasonable," the court considers:

> the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.

*Burger King*, 471 U.S. at 477; *Christian Science Bd. of Dir. of First Church of Christ, Scientist v. Nolan,* 259 F.3d 209, 217 (4th Cir. 2001). The parties do not address these factors, and the Court finds no reason why the interests of the parties or the States would be negatively impacted such that jurisdiction in New Jersey would not be constitutionally reasonable.

Neisworth has purposefully availed himself of the benefit of New Jersey's Laws through the Agreement, which was produced in

New Jersey and invokes New Jersey law for its enforcement. Moreover, both Neisworth's and the McLaughlins' contract claims arise from the Agreement, which in turn arose from an action in a New Jersey court which evidently had jurisdiction over Neisworth for the underlying claims. Accordingly, Neisworth's contacts are such that he could reasonably have expected to be haled into a New Jersey Court should Paul Neisworth claim a breach of the Agreement, and so his being subject to New Jersey's jurisdiction would not offend the Due Process Clause.

Litigants may also waive their personal-jurisdiction right by consenting to the power of the court, and the McLaughlins' willingness to submit to New Jersey's jurisdiction is evidenced by their motion to transfer venue there. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703 (1982). Thus, New Jersey would rightly have had jurisdiction over all the parties in this case.

e.  Venue

Under 28 U.S.C. § 1391(a)(2), when, as here, subject matter jurisdiction is founded on diversity of citizenship, and none of the defendants resides in a district, venue in that district is proper if "a substantial part of the events or omissions giving rise to the claim occurred" there. 28 U.S.C. § 1391(a)(2). Under § 1392(a)(2), "it is possible for venue to be proper in

9

more than one judicial district." *Mitrano*, 377 F.3d at 405. "[I]n determining whether events or omissions are sufficiently substantial to support venue under the amended statute, a court should not focus only on those matters that are in dispute or that directly led to the filing of the action," but "should review the entire sequence of events underlying the claim." *Id*. (citation and internal quotation marks omitted).

Although Neisworth's claims are based on the McLaughlins' alleged participation in the Maryland criminal action, the underlying New Jersey civil action and the negotiation and execution of the Agreement are sufficiently substantial events giving rise to the parties' claims to support venue in New Jersey. Accordingly, finding that convenience and the interest of justice merit transfer, and New Jersey is a forum where the action might have been brought, the Court will grant the McLaughlins' motion and transfer the case to the District of New Jersey.

III. Conclusion

For the reasons stated above, the McLaughlins' motion to lift the stay and transfer venue will be granted.

<u>April 23, 2007</u>            <u>        /s/              </u>
Date                      William D. Quarles, Jr.
                          United States District Judge